# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THEODORE E. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1278-CV-W-FJG -SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This is a proceeding under Titles II and XVI of the Social Security Act, in which plaintiff requested review of the Commissioner's decision denying his application for disability benefits. Plaintiff's claims were denied initially. On April 25, 2005, an administrative law judge (ALJ) rendered a decision in which he found that Plaintiff was not under a "disability," as defined in the Act. On December 2, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on Plaintiff's motion for judgment (Doc. No. 8). Defendant, in her response, moves to reverse and remand this matter (Doc. No. 11).[1] The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review under Title XVI to the same extent as the Commissioner's final determination under section

---

[1] Defendant states that after review of the above-captioned case, agency counsel requested the Appeals Council of the Social Security Administration reconsider the Commissioner's decision, and upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim. Plaintiff has not filed opposition to defendant's motion to reverse and remand.

205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) (1994) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national

2

economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record below, and in this case, the Court cannot find substantial evidence on the record to support the ALJ's decision. Specifically, the Court agrees with plaintiff, agency counsel and the Appeals Council that remand for further consideration is appropriate in this case. Furthermore, defendant details that the following actions will be undertaken upon remand of the case:

> Upon receipt of the Court's remand order, the Appeals Council will remand this case to the ALJ who will be directed to further evaluate Plaintiff's functional limitations caused by his obstructive sleep apnea and manipulative limitations. The ALJ will obtain testimony from a medical expert concerning Plaintiff's functional limitations. The ALJ will also evaluate Plaintiff's work activity after his alleged onset date.

See Doc. No. 11, p. 1.

Therefore, it is **ORDERED** that defendant's motion to remand (Doc. No. 11) is **GRANTED.** The decision of the Secretary is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order. Furthermore, the relief requested in plaintiff's brief (Doc. No. 8) is **GRANTED IN PART** insofar as plaintiff requested reversal and remand of this matter, and **DENIED IN PART** insofar as plaintiff requested reversal and an award of benefits.

**IT IS SO ORDERED.**


Dated:  August 7, 2006  
Kansas City, Missouri

**/S/FERNANDO J. GAITAN JR.**  
Fernando J. Gaitan Jr.  
United States District Judge

3